**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Case No. 0:25-cr-00435-SRN-EMB |
| Plaintiff, | |
| v. | **REPORT &** |
| | **RECOMMENDATION** |
| Tyler Maxon Avalos, | |
| Defendant. | |

Before the Court is the Motion to Dismiss (Dkt. No. 37) filed by Defendant Tyer Maxon Avalos. The Government filed a response (Dkt. No. 40). I held a status conference with the parties, who agreed that a hearing on the motion was unnecessary. (*See* Dkt. No. 41.) Instead, the parties submitted supplemental briefing. (Dkt. Nos. 46, 47). For the following reasons, I recommend the Court DEFER ruling on the challenge until after a factual record is developed at trial or by stipulation.

## I.   Background

The Government initiated this action by filing a criminal complaint on October 16, 2025. (*See* Dkt. No. 1.) The probable cause finding was based on an affidavit sworn by FBI Special Agent Caleb Jurchisin. (*See* Dkt. No. 1–2.) As set forth in that affidavit, a TikTok user reported a tip to the FBI Agent Jurchisin about the following post:



(Dkt. No. 1-2 ¶¶ 4–6.)  Agent Jurchisin described how the FBI retrieved the

IP address and email address associated with the account that created the

post.  (*Id.* ¶¶ 9–12.)  Based on that information, the FBI determined Mr.

Avalos owned the account that made the post.  (*Id.* ¶¶ 12–16.)

Magistrate Judge Elizabeth Cowan Wright signed the criminal

complaint, which included one count of "knowingly transmit[ting], in

interstate and foreign commerce, communications consisting of an online post containing a threat to injure the person of another, all in violation of 18 U.S.C. § 875(c)." (Dkt. No. 1.)  Mr. Avalos made his initial appearance the following day.  (*See* Dkt. No. 6.)

A grand jury then returned an indictment charging Mr. Avalos with one count of interstate transmission of a threat to injure the person of another, in violation of 18 U.S.C. § 875(c).  (Dkt. No. 18.)

A superseding indictment was returned on January 29, 2026.  (Dkt. No. 32.)  The superseding indictment, which included the same single charge, alleged Mr. Avalos transmitted "a TikTok post containing a threat to injure Victim A, with the purpose of issuing a threat, and with knowledge that the communication would be viewed as a threat, and consciously disregarding a substantial and unjustifiable risk that the communication would be viewed as a threat." (*Id.*)  Neither the indictment nor the superseding indictment contain factual details about the post, other than the date it was made and the platform used.

Mr. Avalos moves to dismiss the superseding indictment pursuant to Federal Rule of Criminal Procedure 12(b), arguing it violates his "constitutional right to free speech protected by the First Amendment." (Dkt. No. 37 at 1.)

## II.     <u>Legal Standard</u>

Federal Rule of Criminal Procedure 12 governs the filing of pretrial motions.  Rule 12(b)(1) permits a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  And Rule 12(d) requires the Court to "decide every pretrial motion before trial *unless it finds good cause to defer a ruling*."  (emphasis added).  The rule therefore "permits pretrial resolution of a motion to dismiss the indictment only when trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense."  *United States v. Grubb*, 135 F.4th 604, 607 (8th Cir. 2025) (quoting *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010)).

The First Amendment prohibits Congress from making laws "abridging the freedom of speech."  U.S. Const. amend. I.  This right is not absolute, however, and "the government may regulate certain categories of expression consistent with the Constitution."  *Virginia v. Black*, 538 U.S. 343, 358 (2003).  The Constitution does not protect a "true threat," which is a "statement that a reasonable recipient would have interpreted as a serious expression of an intent to harm or cause injury to another." *United States v. Dierks*, 978 F.3d 585, 589 (8th Cir. 2020) (quoting *Doe v. Pulaski Cty. Special Sch. Dist.*, 306 F.3d 616, 624 (8th Cir. 2002) (en banc)).

4

The statute at issue in this case makes it unlawful to "transmit[] in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another." 18 U.S.C. § 875(c). "Section 875(c) is violated if the government proves the defendant communicated a true threat and 'transmitted [that] communication for the purpose of issuing a threat or with knowledge that the communication would be viewed as a threat.'" *United States v. Leveke*, 38 F.4th 662, 668 (8th Cir. 2022) (alteration in original) (quoting *Dierks*, 978 F.3d at 591). Determining whether a communication is a "true threat" under § 875(c)—as opposed to constitutionally protected speech—is a task reserved for the jury. *United States v. Ivers*, 967 F.3d 709, 718 (8th Cir. 2020); *see also Brandy v. City of St. Louis*, 75 F.4th 908, 915 (8th Cir. 2023) ("In the absence of unusual facts [], the question whether a statement amounts to a true threat is a question generally left to a jury.").

Here, Mr. Avalos makes an as-applied challenge, which "requires courts to examine a statute based on a defendant's individual circumstances."[1] *United States v. Veasley*, 98 F.4th 906, 909 (8th Cir. 2024), *cert. denied,* 145 S. Ct. 304 (2024). An as-applied challenge may be inappropriate for pretrial resolution if it requires the Court to "resolv[e]

---

[1] Mr. Avalos does not argue that § 875(c) is facially unconstitutional.

factual issues related to [the defendant's] alleged offense." *United States v. Baxter*, 127 F.4th 1087, 1091 (8th Cir. 2025) (quoting *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016)), *cert. denied,* 146 S. Ct. 294 (2025).

### III.   Analysis

The Court should defer ruling on Mr. Avalos's motion under Rule 12(d). His as-applied challenge would require the Court to make factual findings that are bound up with evidence bearing on his guilt or innocence.

Citing Agent Jurchisin's affidavit, Mr. Avalos argues "[t]he existing undisputed record sufficiently sets forth the nature and context of the alleged threatening communication for consideration and a ruling by this Court." (Dkt. No. 46 at 1.) Mr. Avalos asks the Court to consider Agent Jurchisin's affidavit as the undisputed factual record and to rule, as a matter of law, that his prosecution under those facts would violate his First Amendment rights. But "[t]here is no procedure in federal criminal cases equivalent to the motion for summary judgment in civil cases, and the government has no duty to reveal all of its proof before trial."[2] *Grubb*, 135 F.4th at 607 (citing *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995)).  The Government's case

---

[2] Indeed, Agent Jurchisin's affidavit clarifies that it "does not include all the details of the investigation known to [him] or the government" and instead includes only "information believed to be sufficient to establish probable cause for the charge in the Complaint."  (Dkt. No. 1-2 at 2.)

isn't confined to the affidavit of Agent Jurchisin, nor does the Government have any obligation to proffer additional proof at this juncture. And although courts can resolve as-applied challenges if the parties stipulate to the facts, the Government has no duty to enter into such a stipulation. *See id.* ("Unless the prosecution voluntarily presents the entirety of its evidence in response to a pretrial motion, the court cannot know the universe of additional facts that will be presented at trial and whether they will be disputed."). And here, the Government did not stipulate.

Despite the Government's invocation of *Grubb* in its initial response, (*see* Dkt. No. 40), Mr. Avalos's supplemental motion does not cite or address that case. Instead, Mr. Avalos argues that "[w]hether the communication constitutes a 'true threat' or mere political hyperbole is not an inquiry that that Court needs to undertake" because the post "contains no threat at all." (Dkt. No. 46 at 4–5.) But whether the post contains a threat is a determination squarely reserved for the jury.

Next, Mr. Avalos suggests his post was merely "an invitation to join the debate" that "expresse[d] a *preference* for" Ms. Bondi's production "to be posthumous." (Dkt. No. 46 at 3–4.) The Government disagrees, claiming the post at least "meets the recklessness standard of intent" based on Mr. Avalos's "concession that [it] could be viewed as 'implicitly inviting someone *else* to commit an act of unlawful violence.'" (Dkt. No. 47 at 8 (quoting Dkt.

No. 46 at 4) (citing *United States v. Unocic*, 135 F.4th 632, 635 (8th Cir. 2025).) To resolve that dispute, the Court would necessarily need to make factual determinations about the nature of Mr. Avalos's subjective intent. *See Dierks*, 978 F.3d at 592 (acknowledging "that § 875(c) is a specific intent crime"). The Court should decline to resolve those facts—which are key to the question of guilt or innocence—in a pretrial motion.

Further, in deciding whether something is a "true threat," a jury should consider "the context of the totality of the circumstances in which the communication was made." *Ivers*, 967 F.3d at 718 (quotations omitted). Factors relevant to this inquiry include:

> 1) [T]he reaction of those who heard the alleged threat; 2) whether the threat was conditional; 3) whether the person who made the alleged threat communicated it directly to the object of the threat; 4) whether the speaker had a history of making threats against the person purportedly threatened; and 5) whether the recipient had a reason to believe that the speaker had a propensity to engage in violence.

*Id.* (alteration in original) (quoting *Pulaski Cnty. Special Sch. Dist.*, 306 F.3d at 623). This pretrial motion is an ill-suited vehicle to weigh these factors. A trial on the merits will give the parties an opportunity to introduce evidence about the presence (or absence) of these factors. *Cf. id.* (affirming jury's guilty verdict where evidence introduced at trial demonstrated defendant's two-year "fixation with, and anger towards, Judge Wright" preceding his interstate communication of: "You don't know the 50 different ways I planned

to kill her").  Indeed, Mr. Avalos acknowledges there is "limited available context" at this stage.  (Dkt. No. 46 at 4.)

Because I "cannot say definitively that 'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense,'" I recommend deferring a ruling under Rule 12(d).  *Grubb*, 135 F.4th at 608 (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)).

## RECOMMENDATION

For the foregoing reasons and upon careful consideration of the entire record, IT IS HEREBY RECOMMENDED that the Court DEFER ruling on Mr. Avalos's Motion (Dkt. No. 37) until a factual record is developed at trial or upon the parties' stipulation.

Date: May 7, 2026

*s/Elsa M. Bullard*

ELSA M. BULLARD
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a

9

copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).