**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**TYLER MAXON AVALOS,**

Defendant.

Case No. 25-CR-435 (SRN/EMB)

**ORDER ON MOTIONS IN LIMINE RE: INTRINSIC EVIDENCE AND RULE 404(b) EVIDENCE, AND JUDICIAL NOTICE**

---

Joe Teirab and David Green, OFFICE OF THE UNITED STATES ATTORNEY, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government.

Daniel Gerdts, GERDTS LAW PLLC, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401, for Defendant.

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Government's Motion in Limine (Doc. No. 61) to admit intrinsic evidence and evidence of other crimes, wrongs, or acts under Federal Rule of Evidence 404(b), and the Government's Motion in Limine 2 – Judicial Notice (Doc. No. 60 at p. 2). For the reasons set forth below, the Government's Motions are **DENIED**.

## I. BACKGROUND

On January 29, 2026, a Superseding Indictment was returned alleging that on or about October 9, 2025, Mr. Avalos transmitted "a TikTok post containing a threat to injure Victim A, with the purpose of issuing a threat, and with knowledge that the communication

would be viewed as a threat, and consciously disregarding a substantial and unjustifiable risk that the communication would be viewed as a threat" in violation of 18 U.S.C. § 875(c). (Doc. No. 32). The Government seeks permission to admit evidence regarding certain social media communications and posts made by Mr. Avalos in the months and weeks leading up to the alleged threat made by him against then-United States Attorney General Bondi. Specifically, the Government argues that this evidence is intrinsic, or in the alternative, is admissible under Federal Rule of Evidence 404(b), for the limited purpose of demonstrating Mr. Avalos's motive, knowledge, subjective awareness, conscious disregard of risk, state of mind, context, and absence of mistake or accident. (Doc. No. 61 at 1.) Mr. Avalos strongly opposes this Motion. (Doc. No. 63 at 4-5.)

## II. DISCUSSION

### A. Legal Standard

Courts distinguish between extrinsic evidence and intrinsic evidence when evaluating the admissibility of such evidence in a criminal prosecution. *See United States v. Buckner*, 868 F.3d 684, 688 (8th Cir. 2017). Federal Rule of Evidence 404(b), which applies only to extrinsic evidence, provides that "[e]vidence of any other crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admitted "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b) "is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition." *United States v.*

*Thomas*, 760 F.3d 879, 883 (8th Cir. 2014).

Intrinsic evidence, on the other hand, is "offered for the purpose of providing context in which the charged crime occurred." *United States v. Guzman*, 926 F.3d 991, 999 (8th Cir. 2019). Intrinsic evidence consists of "evidence of wrongful conduct other than the conduct at issue," and "includes both evidence that is inextricably intertwined with the crimes charged as well as evidence that merely 'completes the story' or provides context to the charged crime" *Id.* (quoting *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014)). To be admissible, such evidence "need not be necessary to the jury's understanding of the issues," but rather, the evidence need only "contribute to the narrative of the story." *Young*, 753 F.3d at 770.

District courts possess broad discretion in admitting intrinsic evidence. *Guzman*, 926 F.3d at 999. Whether extrinsic or intrinsic, courts must still ensure that the probative value of the evidence is not substantially outweighed by its unfairly prejudicial value. *United States v. Drew*, 9 F.4th 718, 723 (8th Cir. 2021); Fed. R. Evid. 403.

### B. Intrinsic Evidence

The Government seeks to admit nine of Mr. Avalos's social media communications and posts on a variety of unrelated political issues. (Doc. No. 61 at 4-8.) The Government argues that these posts are admissible intrinsic evidence because "the entire context of the defendant's posts and communications are relevant to show it was not pure political hyperbole." (*Id.* at 12.) Mr. Avalos contends, to the contrary, that the Government "intends to paint the Defendant as an anarchist 'antifa' terrorist by introducing his on-line political commentary about a variety of *additional* national news stories that have nothing to do

with the case." (Doc. No. 63 at 4.) Moreover, Mr. Avalos argues that the Government has the "intent to exploit the current polarized sociopolitical climate, introducing a divisive national news cycle into the courtroom, and undermining the constitutional guarantee of an impartial, objective jury." (*Id.* at 5.)

Intrinsic evidence is "inadmissible if its probative value is 'substantially outweighed by its prejudicial value.'" *United States v. Young*, 129 F.4th 459, 470 (8th Cir. 2025) (citing *United States v. Bass*, 794 F.2d 1305, 1313 (8th Cir. 1986); Fed. R. Evid. 403). Intrinsic evidence is clearly prejudicial, and thus inadmissible, when the evidence "divert[s] the attention of the jury from the question of the defendant's responsibility for the crime charged to the improper issue of his bad character." *United States v. Mink*, 9 F.4th 590, 608 (8th Cir. 2021) (quoting *United States v. Aldrich*, 169 F.3d 526, 528 (8th Cir. 1999)).

The Court finds that Mr. Avalos's prior social media communications and posts are not probative of the charges leveled against him in the Superseding Indictment, and are thus inadmissible. These posts all concern extraneous political and current events and make no reference to then-Attorney General Pam Bondi—who is the person allegedly threatened in the charged post. Mr. Avalos's political opinions in these posts have no relevance to the ultimate issue in this case—whether a true threat against then-Attorney General Bondi was made.

Moreover, even if tangentially relevant, any probative value of these posts is substantially outweighed by their unfairly prejudicial value. *Young*, 129 F.4th at 470; Fed. R. Evid. 403. No limiting instruction could cure the unfair prejudice of admitting this

evidence.[1] Therefore, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice under Rule 403, and hence, they are inadmissible as intrinsic evidence.

**C . Federal Rule of Evidence 404(b)**

In the alternative, the Government asserts that these prior unrelated social media posts are admissible as extrinsic evidence under Rule 404(b). Courts may admit evidence under Rule 404(b) if it "(1) is relevant to a material issue; (2) is similar in kind and not overly remote in time to the crime charged; (3) is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Banks*, 706 F.3d 901, 906-07 (8th Cir. 2013) (citing *United States v. Gaddy*, 532 F.3d 783, 789 (8th Cir. 2008).

The Government relies heavily on *United States v. Cvijanovich* in support of its position that Mr. Avalos's prior social media posts regarding various unrelated political events are admissible under Rule 404(b). 556 F.3d 857, 864 (8th Cir. 2009) This case, however, is quite distinguishable from *Cvijanovich*. In *Cvijanovich*, the defendant was convicted of making threats against then-President George W. Bush in 2006. The Government sought to admit journal entries made in 2005, and related testimony referencing threats he had made while incarcerated against President Bush. The district

[1] "'Unfair prejudice' within its context means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one. . . . In reaching a decision to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction." Advisory Committee Note on Fed. R. Evid. 403.

court ruled that references to the February 2005 threats would be admissible under 404(b) only to the extent defendant had referred to them in his 2006 threats, the subject of the indictment. The Eighth Circuit affirmed, finding them relevant to the issue of intent.

In contrast, the Government here is seeking to admit Mr. Avalos's posts containing political commentary, which are wholly unrelated to the charged conduct and not about then-Attorney General Bondi. (Doc. No. 61 at 13.) Nor are any of these earlier posts referenced in the post that is the subject of this Superseding Indictment. *Cvijanovich* provides no support for the Government's position. Since this evidence is not relevant and unfairly prejudicial, it is inadmissible under Rule 404(b).

**D. Judicial Notice**

The Government's Second Motion in Limine – Judicial Notice – asks the Court to take judicial notice of the following politically unrelated events:

1. That on or about July 13, 2024, an individual attempted to assassinate President of the United States Donald J. Trump in Butler, Pennsylvania.

2. That on or about December 4, 2024, Luigi Mangione assassinated UnitedHealth Chief Executive Officer Brian Thompson in New York, New York.

3. That on or about June 14, 2025, Vance Luther Boelter assassinated former Speaker of the Minnesota House of Representatives Melissa Hortman, and her husband Mark Hortman, in Brooklyn Park, Minnesota, and attempted to assassinate Minnesota State Senator John

Hoffman, his wife Yvette Hoffman, and his daughter Hope Hoffman in Champlin, Minnesota.

4. That on or about September 10, 2025, Charlie Kirk was assassinated in Orem, Utah.

Mr. Avalos argues that the Government intends to introduce the posts "for an entirely improper purpose: to inflame the passions and prejudices of the jury and to suggest that the jury should convict on the entirely improper basis of protecting the community from potential threats of political violence." (Doc. No. 63 at 1-2.) Although the Court has already found the evidence not relevant, unfairly prejudicial, and inadmissible, both as intrinsic evidence and under Rule 404(b), the undersigned will still address this related motion.

It is well established that a prosecutor's conduct is held to high standards, and thus "improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none." *United States v. Johnson*, 968 F.2d 768, 770 (8th Cir. 1992) (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)). The Eighth Circuit has held that "an emotional appeal calculated to persuade the jury to decide the case on other than the facts before it" was reversible error. *Id.* (quoting *United States v. Lee*, 743 F.2d 1240, 1253 (8th Cir. 1984)). In addition, a "prosecutor may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future lawbreaking. The evil lurking in such prosecutorial appeals is that the defendant will be convicted for reasons wholly irrelevant to his own guilt or innocence." *Id.* (quoting *United States v. Monaghan*,

41 F.2d 1434, 1441 (D.C. Cir. 1984)).

Mr. Avalos is not charged with anarchy or being antifascist, nor is he charged with any offense related to Charlie Kirk, any healthcare CEO, or any other recent politically based assassination or assassination attempt. Referencing polarizing political events during his trial certainly raises the risk of unfair prejudice. (Doc. No. 63 at 1-4.) Among other risks of allowing such evidence, it would invite the jury to consider facts and opinions about these unrelated events that they gleaned outside the courtroom.

The Court therefore finds that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury under Rule 403.

## III. CONCLUSION

Accordingly, based upon all of the files, records and proceedings herein, **IT IS HEREBY ORDERED that** the Government's Motion in Limine to admit intrinsic evidence or extrinsic evidence under 404(b) (Doc. No. 61), and its Second Motion in Limine Seeking Judicial Notice (Doc. No. 60 at p. 2) are **DENIED**.

Dated: Thursday, October 29, 2026

*s/ Susan Richard Nelson*
Susan Richard Nelson
United States District Judge